MILLER NASH LLP
Bernie Kornberg, Esq., Bar No. 252006
bernie.kornberg@millernash.com
340 Golden Shore, Suite 450
Long Beach, California 90802
Telephone: 562.435.8002
Facsimile: 562.435.7967

Attorneys for Creditor
Tesoro Refining

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| ZAAL JOHN HADDADIN,<br><br>Debtor | Case No. 6:25-BK-12517-RB<br><br>Chapter 7<br><br>TESORO REFINING'S RESPONSE TO MOTION TO AVOID NON-CONSENSUAL JUDGMENT LIEN |

Debtor Zaal John Haddadin ("Debtor") moved to avoid Tesoro Refining & Marketing Company LLC ("Tesoro") entire judgment lien (ECF No. 16), but such request is premature at best. The Debtor may only avoid Tesoro's judgment lien under 11 U.S.C. § 522(f) to the extent it impairs his homestead exemption. The Debtor argues that Tesoro's judgment lien is wholly undersecured by including two extra senior claims ahead of Tesoro.

**Procedural History**

A. **Tesoro's judgment lien**

Tesoro holds a judgment lien entered on November 18, 2020, in the District Court for the Central District of California under Case No. 8:19-cv-01418 for the

Swift Financial LLC's Response to Motion to Avoid Non-Consensual
Judgment Lien – 1

MILLER NASH LLP
ATTORNEYS AT LAW
T: 206.624.8300 | F: 206.340.9599
605 5TH AVENUE S., SUITE 900
SEATTLE, WASHINGTON 98104

4900-5434-4804.2

total amount of $1,445,825.30 (the "Judgment"). *Motion*, ¶ 10. On December 4, 2020, Tesoro recorded the Judgment in the San Bernardino Official Records as Document No. 2020-0491934. *Motion*, ¶ 11.

**B.  Other relevant creditors' liens**

The Debtor's motion describes four competing creditors with secured claims purported to have priority over Tesoro's lien. Creditor Freedom Mortgage ("Freedom") is in first position with a secured claim of $391,737.00. *Motion*, ¶ 10. Second, Wells Fargo Home Equity ("Wells Fargo"), has a secured claim in the amount of $164,868.43. *Motion*, ¶ 10. Third, creditor Secretary of Housing and Urban Development ("HUD"), has a secured claim in the amount of $47,656.27. *Motion*, ¶ 10. Fourth, creditor Los Angeles Federal Credit Union ("LAFCU"), has a secured claim in the amount of $32,738.48. *Motion*, ¶ 10.

**C.  Value of the Property**

The Debtor valued the Property at $950,000 pursuant to an appraisal conducted by PM Realty Advisors on April 21, 2025. *Motion*, ¶ 9. The Debtor claims a homestead exemption of $485,000. *Id.* at ¶ 5.

## Authority & Argument

**A.  Legal standard for avoiding judicial liens under 11 U.S.C. § 522(f)**

Section 522(f)(1) of the Bankruptcy Code allows a debtor to avoid a judicial lien to the extent it impairs an exemption to which the debtor would otherwise be entitled. 11 U.S.C. § 522(f); *In re Shippy*, 646 B.R. 516, 518 (Bankr. W.D. Wash. 2022). A judgment lien is avoidable under 11 U.S.C. § 522(f)(1) only to the extent necessary to prevent any impairment of the homestead exemption. *In re Hanger*, 217 B.R. 592, 594 (B.A.P. 9th Cir. 1997), *aff'd*, 196 F.3d 1292 (9th Cir. 1999) ("Section 522(f)(1) was not intended to free the debtor's property of judicial liens altogether; rather it was intended to preserve the debtor's exemption.").

Tesoro Refining's Response to Motion to Avoid Non-Consensual
Judgment Lien – 2

4900-5434-4804.2

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

To avoid a lien under Section 522(f), the Debtor must establish three things: (1) a lien attached to an interest in debtor's property; (2) the lien impairs an exemption to which the debtor is entitled; and (3) the lien is a judicial lien. *In re Shippy*, 646 B.R. at 519 (citing *In re Chiu*, 304 F.3d 905, 908 (9th Cir. 2002)). "A lien impairs an exemption to the extent that the sum of all liens on the property, together with the value that the debtor could claim as exempt in the absence of the liens, exceeds the value of the debtor's interest in the property if it were totally unencumbered." *Id*.; 11 U.S.C. § 522(f)(2)(A). Junior liens are omitted from Section 522(f) lien calculations. 11 U.S.C. § 522(f)(2)(B).

In *Hanger*, the Debtor' residence was worth $270,000; his homestead exemption was $75,000; the sum of senior nonavoidable liens was $161,817; and the targeted judgment lien was for $92,565. *Hanger,* 217 B.R. at 593. The creditor's judgment lien was partially secured in the amount of $33,183 and undersecured in the amount of $59,382. *Id*. at 595.

After the bankruptcy court initially avoided the judgement lien entirely, the BAP reversed and held that the judgment lien should only be avoided to the extent necessary to leave the exemption unimpaired as of the petition date. *Id*. The judgment lien was therefore only partially avoided ($59,382) and could not be avoided for up to $33,183. *Id*. at 595.

**B.  Debtor Has Failed to Provide Supporting Evidence**

Debtor's motion should be denied as Debtor fails to provide admissible evidence.  The local rules of this Court require that a motion must include "Declarations required or permitted by FRBP 9014(d), FRBP 9017, and or FRBP 9006(d), in which a declarant provides admissible testimony to support factual assertions made in the motion and/or authenticates exhibits included to support the motion." LBR 9013-1(c)(3)(B).

Here, the motion includes an appraisal of Debtor's residence as Exhibit B. An appraisal prepared by a third party is by itself hearsay. *Waddell v. Comm'r*, 841 F.2d 264, 267 (9th Cir. 1988). No declaration or other evidence is provided to create an exception. Accordingly, the appraisal is inadmissible as evidence. Therefore, Debtor has failed to meet his burden and the motion should be denied.

**C.    If Debtor's Evidence is Accurate, Tesoro's Lien is Not Fully Impaired**

Here, the parties do not dispute that (1) Tesoro's claim is a judicial lien worth at least $1,445,825.30; (2) the Debtor's exemption is worth $485,000; and (3) Freedom and Wells Fargo have superior interest to Tesoro. However, HUD and LAFCU are improperly given higher priority than Tesoro.

The "first in time is first in right" rule establishes that absent narrow exceptions, a lien has priority if it is perfected before a competing lien. *Texaco v. Ponsoldt*, 118 F.3d 1367, 1370 (9th Cir. 1997). Debtor fails to provide any evidence, authenticated or otherwise, of HUD or LAFCU's lien. However, if Debtor's motion is accurate, the HUD lien was perfected through recording on October 22, 2021, while LAFCU was perfected through recording on February 1, 2022. *Motion*, ¶ 10. Tesoro's lien, which was recorded on December 4, 2020, is therefore superior to HUD and LAFCU.

Accordingly, the correct calculation for under 522(f) as to Tesoro is as follows:

Appraised Value:  $950,000

Freedom Mortgage ($274.607.96)

Wells Fargo ($164,590.42)

Exemption ($485,000)

**Tesoro's Unimpaired Lien = $28,801.62**

Tesoro Refining's Response to Motion to Avoid Non-Consensual Judgment Lien – 4

4900-5434-4804.2

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH

Accordingly, if the Court decides to ignore the evidentiary deficiencies in Debtor's motion, Tesoro's lien is not impaired up to $28,801.62, and therefore the Court may not avoid that portion of Tesoro's lien.

## Conclusion

The Court should deny the Debtor's motion to avoid Tesoro's lien.

DATED this 2nd day of September 2025.

               MILLER NASH LLP

By: /s/ *Bernie Kornberg*

Bernie Kornberg, Esq., Bar No. 252006
340 Golden Shore, Ste 450
Long Beach, CA 90802
Tel: 562.435.8002
Email: bernie.kornberg@millernash.com

Attorneys for Creditor
Tesoro Refining & Marketing Company LLC

## **DECLARATION OF SERVICE**

I hereby certify that on September 2, 2025, I caused to be electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for the parties.

EXECUTED this 2nd day of September 2025, at San Francisco, California.

*/s/ Bernie Kornberg*
Bernie Kornberg, Esq., Bar No. 252006

Tesoro Refining's Response to Motion to Avoid Non-Consensual Judgment Lien – 6

4900-5434-4804.2

MILLER NASH LLP
ATTORNEYS AT LAW
LONG BEACH