HESTON & HESTON, ATTORNEYS AT LAW
RICHARD G. HESTON (SBN 90738)
19700 Fairchild Road, Suite 280
Irvine, California 92612
Tel: 949-222-1041
Fax: 949-222-1043
rheston@hestonlaw.com

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

In re:

ZAAL JOHN HADDADIN,

    Debtor.

Case No: 6:25-bk-12517-RB

Chapter 7

**DEBTOR'S REPLY TO TESORO REFINING'S RESPONSE TO MOTION TO AVOID JUDGMENT LIEN**

Hearing:
Date: October 7, 2025
Time: 11:00 AM
Courtroom: 303
Location: 3420 Twelfth Street
          Riverside, CA 92501

    Debtor ZAAL JOHN HADDADIN, having filed a Motion to Avoid Judgment Lien [DOC 16, filed 7/31/2025], submits this Reply to Tesoro Refining's Response [DOC 24, filed 9/2/2025]. Tesoro elected not to submit any declaration or other evidence in support of its Response. Accordingly, Debtor addresses only Tesoro's legal arguments and cited authorities.

**I. PROCEDURAL BACKGROUND**

    Tesoro's Response accurately recites the procedural history and sequence of events leading to the current status of liens and encumbrances against Debtor's residence. However, Tesoro has provided no evidence to contest the $950,000 valuation of the property presented by Debtor. Instead, Tesoro argues that the appraisal report of Paul Marchi offered in support of the Motion is inadmissible hearsay.

## II. ADMISSIBILITY OF THE APPRAISAL REPORT

### A. Federal Rule of Evidence 803(6)

The appraisal is admissible as a "record of a regularly conducted activity." See Fed. R. Evid. 803(6). A licensed appraiser's valuation, prepared from a personal inspection made at or near the time of the inspection and maintained in the ordinary course of the appraiser's business, qualifies under Rule 803(6). The Rule expressly allows records that contain opinions.

The Ninth Circuit BAP has recognized that an appraisal may qualify under Rule 803(6). The remaining question is trustworthiness, which is satisfied when the report is based on the appraiser's own observations and professional methods and is authenticated by the appraiser.

### B. Ninth Circuit Standards for Business Records

The Ninth Circuit has made clear that business records originating with a third party need not be admitted directly into evidence in order to be considered. Such records may serve as a permissible foundation for the admissible opinion of an expert who has reviewed and relied upon them, so long as they are integrated into, relied upon, and maintained in the regular course of the proponent's business. The sponsoring witness need not have created the records or possess firsthand knowledge of each entry, but must be a custodian or other qualified person familiar with the record-keeping practices. *MRT Constr., Inc. v. Hardrives,* Inc., 158 F.3d 478, 483 (9th Cir. 1998); *United States v. Ray*, 930 F.2d 1368, 1370 (9th Cir. 1991).

The Bankruptcy Appellate Panel has applied this principle in bankruptcy proceedings, confirming that an expert may base an opinion on such records even if the custodian lacks personal knowledge of the underlying facts, provided the records are regularly kept and relied upon in the ordinary course of business.

### C. Authentication by Rule 902(11) Certification

Authentication of domestic records, including real property sales records, can be accomplished by a Fed. R. Evid. 902(11) certification from the custodian or appraiser. The Ninth Circuit has expressly approved Rule 902(11) certifications and held they are non-testimonial. See *United States v. Anekwu*, 695 F.3d 967, 971–73 (9th Cir. 2012).

### III. CALIFORNIA EVIDENCE CODE § 1271

The same result follows under California law. California Evidence Code § 1271 admits business records when a qualified witness explains their identity and mode of preparation and the circumstances indicate trustworthiness. California courts recognize that professional third-party records, if integrated and relied upon, satisfy § 1271. See *Jazayeri v. Mao*, 174 Cal. App. 4th 301, 321–23 (2009) (USDA records obtained via Freedom of Information (FOI) request admitted as reliable business records).

### IV. PRACTICE UNDER § 522(f) IN BANKRUPTCY COURTS

Bankruptcy courts in the Ninth Circuit routinely decide lien-avoidance motions under § 522(f) on the basis of declarations and written valuation evidence. The BAP has described the accepted practice: the debtor submits an appraisal authenticated by an appraiser's declaration, and the court either determines value or sets an evidentiary hearing. See *Wells v. Washington (In re Wells)*, No. 16-1319 (9th Cir. BAP Mar. 8, 2017) (mem.) (appraiser's declaration authenticated appraisal; court then held evidentiary hearing).

This practice is consistent with Fed. R. Bankr. P. 9014 and the Federal Rules of Evidence. Local practice guidance in the Central District of California likewise directs that an appraisal is admissible when "accompanied by a declaration of the appraiser."

### V. APPLICATION TO THE PRESENT CASE

Tesoro has submitted no evidence to contradict the appraisal of Paul Marchi, Bureau of Real Estate Appraisers License AG 009572, attached to Debtor's Motion. Accordingly, the sole evidence before the Court of the property's value as of the petition date is Mr. Marchi's appraisal, which places the value at $950,000.

### VI. PRIORITY OF LIENS AND CALCULATION OF EQUITY

**A. Judgment Lien of Los Angeles Federal Credit Union Also Subject to Avoidance.**

Tesoro further contends that its judgment lien, recorded on December 4, 2020, has priority over the consensual lien of the Department of Housing and Urban Development (HUD) and the judgment lien of Los Angeles Federal Credit Union (LAFCU), recorded February 1, 2022. Debtor has also moved to avoid LAFCU's lien.

3

### B. Seniority of Abstract of Judgment under California Law Is Immaterial to Motion to Avoid Lien.

11 U.S.C. § 522(f)(2)(A) states:

*(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—*

*(i) the lien;*

*(ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;*

*exceeds the value that the debtor's interest in the property would have in the absence of any liens.*

In basic terms, to determine if Tesoro's judgment lien impairs Debtor's homestead one adds together:

1. Tesoro's judgment lien Debtor is seeking to avoid,
2. All other liens on the property, and
3. The exemption to which Debtor is entitled.

If that sum is greater than the value of Debtor's interest in the property (as if there were no liens), then the Tesoro lien is considered to impair the exemption and may be avoided.

In *In re Charnock*, 318 B.R. 720, 727 (9th Cir. BAP (Cal.) 2004), the creditor argued, as Tesoro does here, that under California law its judicial lien would have priority over the consensual lien of HUD and therefore it was not the judicial lien which impaired the debtor's homestead exemption, but rather the consensual lien that created the impairment. In rejecting the creditor's argument, the *Charnock* court stated that,

> "Creditor's arguments would be more appropriately addressed to Congress, which has already amended Section 522(f) once (in 1994) to add the simple formula in Section 522(f)(2)(A) and to reject judicial deviation from that formula. Congress clearly was aware of the possibility of senior judicial liens. As quoted above, the legislative history describes the *Simonson* case as involving "senior" judicial liens. Congress easily could have added the word "senior" to Section 522(f)(2) had it wanted to, so that the statute would have counted only "all other senior liens on the property" in calculating whether the judicial lien at issue impaired an exemption. Cf. 11 U.S.C. § 522(f)(2)(A)(ii) ("all other liens on the property"). Congress did not do this. The statute is clear. We cannot disregard

the plain meaning of the statute. *Kolich*, 328 F.3d at 409 (citing *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989)."

### C. Even Assuming, Arguendo, That the Tesoro Judgment Lien Were Senior to the HUD Lien, Tesoro's Calculation of Unimpaired Equity Is Erroneous.

Finally, Tesoro asserts that $28,801.62 of equity remains unimpaired and subject to its lien. That calculation, however, is overstated by $3,000. Deducting the senior liens of Freedom Mortgage ($274,607.96) and Wells Fargo ($164,590.42), for a combined total of $439,198.38, together with the $485,000 homestead exemption, results in a total of $924,198.38. Subtracting that figure from the $950,000 appraised value leaves $25,801.62, not $28,801.62.

Accordingly, even assuming arguendo that notwithstanding the formula in Section 522(f)(2)(A) and the decision in *In re Charnock, supra* were not controlling, and Tesoro's judgment lien were deemed senior to the HUD consensual lien, only $25,801.62 of nonexempt equity would remain available. Tesoro's secured judgment lien of $1,445,825.30 would therefore be reduced to that amount, with the balance avoided and subject to Debtor's discharge.

### VII. CONCLUSION

For the foregoing reasons, Debtor respectfully submits that:

1. The appraisal report of Paul Marchi is admissible under both federal and California law.
2. The value of the property as of the petition date is $950,000.
3. Tesoro's lien should be avoided in its entirety, or alternatively, that its lien be reduced to $25,801.62.

Date: September 4, 2025

HESTON & HESTON,
Attorneys at Law

RICHARD HESTON,
Attorney for Debtor

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

19700 Fairchild Road, Suite 280, Irvine, CA 92612

A true and correct copy of the foregoing document entitled (*specify*): **Debtor's Reply to Tesoro Refining's Response to Motion to Avoid Judgement Lien** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 9/4/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Karen L Belair**   kbelair@zwickerpc.com
- **Bernard J Kornberg**   bernie.kornberg@millernash.com, edgar.rosales@millernash.com
- **United States Trustee (RS)**   ustpregion16.rs.ecf@usdoj.gov
- **Robert Whitmore (TR)**   rswtrustee@yahoo.com, rwhitmore@ecf.axosfs.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/4/2025 | Yanira Flores | /s/ Yanira Flores |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE